UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUGAS,<br><br>      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 2:17-cv-03595-SHK<br><br>OPINION AND ORDER |

  Plaintiff Kevin Dugas ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or the "Agency") denying his application for supplemental security income ("SSI"), under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction, under 42 U.S.C. § 1383(c)(3), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

/ / /

# I. BACKGROUND

Plaintiff filed an application for SSI on May 17, 2013, alleging disability beginning on October 14, 1991. Transcript ("Tr.") 229-237.[1] Following a denial of benefits and request for redetermination, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on November 30, 2015, ALJ Ken H. Chau determined that Plaintiff was not disabled. Tr. 58-74. Plaintiff sought review of the ALJ's decision with the Appeals Council ("AC") and submitted additional evidence to the AC. Tr. 5-6, AC Exhibits List; Tr. 412-17, 619-95 (newly submitted evidence). The AC, however, denied review of the ALJ's decision on April 4, 2017. Tr. 1-8. This appeal followed.

# II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196)); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the

---

[1] A certified copy of the Administrative Record was filed on November 9, 2017. Electronic Case Filing Number ("ECF No.") 19. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing." (citation omitted)). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step

in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. § 416.920. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

> Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [SSI]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).[2]
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [SSI]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [SSI]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [SSI]. If the claimant cannot do any work he or she did in

---

[2] The Court has also considered the parallel regulations set forth in 20 C.F.R. § 416.920 et seq., when analyzing the ALJ's denial of Plaintiff's SSI application.

4

the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [SSI]. See 20 C.F.R. § 404.1520(f) (1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2 [("the Listings")]. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [SSI]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [SSI]. See id.

Id. at 1098-99.

### B. Summary Of ALJ And Agency's Findings

The ALJ found at step one, that "[Plaintiff] has not engaged in [SGA] since May 17, 2013, the application date (20 C.F.R. 416.971 et seq.)." Tr. 63.

At step two, the ALJ found that "[Plaintiff] has the following severe impairments: degenerative disc disease of the lumbar spine; morbid obesity; panic disorder with agoraphobia; major depressive disorder, recurrent severe without psychotic features; and impulse control disorder not otherwise specified (20 CFR 416.920(c))." Id.

///
///

At step three, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in [the Listings]." Tr. 64.

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he can sit, stand and/or walk six hours, each, out of an eight-hour workday; he can occasionally climb ramps and stairs; he cannot climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, or crawl; he should avoid concentrated exposure to pulmonary irritants, unprotected heights, and dangerous moving machinery; he is limited to simple and routine tasks with occasional superficial, non-confrontational and non-negotiation types of interactions with co-workers and supervisors; he is limited to work that does not involve team effort in decision-making, development of goals and priorities, building consensus, or negotiating outcomes; he is limited to work that involves working primarily with objects, things, data, and tasks instead of with people; and he is precluded from working with the general public.

Tr. 66.

At step four, the ALJ found that "[Plaintiff] has no past relevant work (20 CFR 416.965)." Tr. 72.

In preparation for step five, the ALJ noted that "[Plaintiff] was born on April 23, 1963 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963)." Id. The ALJ added that "[Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 416.964)." Tr. 73. The ALJ found that

6

transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 416.968)." Id.

At step five, the ALJ found that "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969(a))." Id. Specifically, the ALJ found that Plaintiff could perform the "light, unskilled" occupations of "Office Helper," as defined in the dictionary of occupational titles ("DOT") at DOT 239.567-010, "Cleaner and Polisher, DOT 709.687-010," and "Marker II, DOT 920.687-126." Id. The ALJ based his decision that Plaintiff could perform the aforementioned occupations on the testimony of the VE from the administrative hearing, after "determin[ing] that the [VE's] testimony [wa]s consistent with the information contained in the [DOT] and her training, education, and experience in the field where the DOT is silent." Tr. 74.

After finding that "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" at step five, the ALJ concluded that "[a] finding of not disabled is . . . appropriate under the framework of the above-cited rules." Id. (internal quotation marks omitted). The ALJ, therefore, found that "[Plaintiff] has not been under a disability, as defined in the . . . Act, since May 17, 2013, the date the application was filed (20 CFR 416.920(g))." Id.

**C.    Issue Presented**

In this appeal, Plaintiff raises only one issue, whether the ALJ's RFC assessment is supported by substantial evidence. ECF No. 24, Joint Stipulation at 4. Plaintiff argues that the "the evidence of record demonstrates that he retains the RFC for no more than sedentary work." Id. at 5.

With respect to Plaintiff's physical limitations in the RFC, Plaintiff argues that the "ALJ failed to properly assess the effects of [his] obesity on his ability to work[,]" as well as the limiting effects that his knee and lower back pain have on his

7

ability to stand and walk. Id. (citation omitted). Plaintiff argues that he has the RFC to stand and walk for a maximum of two hours per day and "[t]he ALJ's assessment that [he] could engage in prolonged standing and walking required of light work lacks the support of substantial evidence." Id. at 6-7.

With respect to Plaintiff's mental limitations in the RFC, Plaintiff argues that the ALJ's finding that he is "moderately limited with regard to concentration, persistence or pace . . . does not adequately capture this limitation." Id. at 7.

### D. The Commissioner's Decision Is Not Supported By Substantial Evidence.

Before examining the ALJ's RFC assessment, the Court first examines the AC's decision to deny review of the ALJ's decision. In denying Plaintiff's request for review, the AC noted that it considered "the additional evidence listed on the enclosed Order of [AC]" but "found that this information does not provide a basis for changing the [ALJ's] decision." Tr. 2. The AC reasoned that "[t]he [ALJ] decided [Plaintiff's] case through November 30, 2015[,]" and the "new information is about a later time. Therefore, it does not affect the decision about whether [Plaintiff] was disabled beginning on or before November 30, 2015." Id. A close inspection of this evidence, however, compels a different conclusion.

"[W]hen a claimant submits evidence for the first time to the [AC], which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the commissioner's decision is supported by substantial evidence." Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157, 1159-60 (9th Cir. 2012).

Included in the evidence Plaintiff submitted to the AC was a representative brief from Plaintiff's attorney, medical records, a DMV placard, and, notably, a third-party statement from Donna Hill, regarding Plaintiff's ability to work. Tr. 5-6, AC Exhibits List; Tr. 412-17, 619-95, new evidence submitted to the AC. In Ms.

Hill's report dated December 10, 2015, she noted "observ[ations] about [Plaintiff's] work behavior during the years he assisted [her] [e]lection team" while she served as an Inspector for the California general elections. Tr. 49. Ms. Hill noted that Plaintiff "last assisted her during the California state elections[ in] November 2008" and during that time period, Plaintiff:

> could not provide [her] team with the minimal performance out of anyone who had volunteered as a poll-worker. For example, [Plaintiff] couldn't maintain [their] street index listings, or acquired sitting at the ink-a-vote Talley Sheet unit for no more than 10 to 15 minutes, where as compared to [Plaintiff's] work ethic during the past years for maintaining his track for consistency and leadership was demonstrated and applied accurately. [Plaintiff] ha[s] assisted [her] family, which includes his girlfriend for over 20 years outside of volunteering as a poll-worker. Now if any of [her] family members needs assistance for repairing their car, fixing a plumbing problem e.t.c. [sic] he is no longer capable to fulfil any minimal obligation, because he is not able to stand or walk for any length of time.

Id. Ms. Hill added that she would testify before an ALJ "about how [Plaintiff's] work ethic has completely diminished." Tr. 50. Ms. Hill also noted that her daughter, La Tasha Peters, who apparently also has relevant information relating to Plaintiff's limitations, would be willing to provide testimony regarding Plaintiff's limitations. Id.

Here, the Court disagrees with the AC's finding—that the newly submitted evidence did not affect whether Plaintiff was disabled prior to November 30, 2015, because it was about a later time—for two reasons. First, Ms. Hill's statement was not about a later time. Rather, Ms. Hill's statement provided a first-hand, longitudinal, account of Plaintiff's limitations and capabilities during the relevant time period. Specifically, Ms. Hill discussed Plaintiff's limitations and capabilities

9

he had "during the years he assisted [her] Election team" up to, and including 2008, as well as Plaintiff's ability to assist her family members with other tasks "outside of volunteering as a poll-worker[,]" over a twenty-year period, such as repairing cars and fixing plumbing problems. Tr. 49-50. Accordingly, it is unclear whether the AC actually reviewed this evidence which, on its face, clearly pertains to the relevant time period. Therefore, the Court finds that this portion of the AC's reasoning—that the newly submitted evidence was about a different time—is not supported by substantial evidence in the record.

Second, Ms. Hill's statement does affect whether Plaintiff could have been disabled prior to November 30, 2015, because it provides specific examples of limitations Plaintiff displayed while working, that exceed the limitations set forth in the ALJ's RFC assessment. For example, as discussed above, Ms. Hill noted that Plaintiff could not perform his volunteer polling duties, in part, because <u>he could not sit for more than ten to fifteen minutes at a time</u>, and that he could no longer assist her or her family members with car repairs or plumbing problems, or "fulfil any minimal obligation, because he is <u>not able to sit or stand for any length of time</u>." Tr. 49-50 (emphasis supplied). In contrast, the ALJ found that Plaintiff has the RFC, in relevant part, to "sit, stand and/or walk six hours, each, out of an eight-hour workday." Tr. 66. Accordingly, this evidence is directly responsive to the ALJ's RFC finding that Plaintiff could sit for six hours per day and, thus, affects whether Plaintiff could have been disabled prior to November 30, 2015.

Critically, when asked by the ALJ at the administrative hearing whether a hypothetical person with Plaintiff's RFC, but with the additional limitation of standing and or walking for only two hours per day, could perform the occupations of Office Helper, Cleaner and Polisher, or Marker II—the occupations the ALJ ultimately concluded at step five that Plaintiff could perform—the VE opined that the hypothetical person could **not** perform any these occupations. Tr. 110. Accordingly, Ms. Hill's statements—that Plaintiff could not sit for more than ten

10

to fifteen minutes at a time, or sit or stand for any length of time—are directly responsive to the VE's opinion that someone with an ability to stand for only two hours per day, could not perform the aforementioned occupations, and calls into question the ALJ's conclusion at step five that Plaintiff could work at those occupations.

Also calling into question the ALJ's step five finding, is Ms. Hill's opinion that Plaintiff could not provide her election team with even "the minimal performance out of anyone who had volunteered as a poll-worker." Tr. 49. If Plaintiff could not meet even the minimal performance demands of an unpaid, temporary, volunteer job, and his performance fell below that of "anyone" who had ever volunteered for Ms. Hill, it is doubtful that Plaintiff could perform SGA in the three occupations identified by the ALJ at step five. Id. Similarly, Ms. Hill's statement regarding Plaintiff's inability to meet the minimal performance demands of her election team is directly responsive to the ALJ's finding that, because Plaintiff volunteered at the Long Beach mayoral election in 2014, his "alleged symptoms and limitations may have been overstated" and that his "symptoms seemed amenable to . . . treatment." Tr. 70.

Accordingly, because Ms. Hill's opinion casts doubt on the ALJ's RFC assessment and step five finding by noting actual functional limitations Plaintiff displayed in the work place during the relevant time period, and because her statement is consistent with a finding that Plaintiff is disabled when compared to the VE's testimony, the Court finds that the ALJ's decision no longer reflects substantial evidence in the record. As such, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings. On remand, the Commissioner shall specifically address the third-party statement by Ms. Hill.

## IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is

11

**REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  See <u>Garrison v. Colvin</u>, 759 F.3d 995, 1009 (9th Cir. 2014) (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." (citation and internal quotation marks omitted)).

IT IS SO ORDERED.

DATED: 7/3/2018

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge